# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0080

Santiago M. Juarez, Appellant,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued August 9, 2007                    Decided    January 10, 2008   )

*Kathy A. Lieberman*, of Washington, D.C., for the appellant.

*Thomas Kniffen*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *William L. Puchnick*, Senior Appellate Attorney, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, MOORMAN, and LANCE, *Judges*.

MOORMAN, *Judge*, filed the opinion of the Court. KASOLD, *Judge*, filed a concurring opinion.

MOORMAN, *Judge*: The appellant, veteran Santiago M. Juarez, appeals through counsel a January 3, 2005, decision of the Board of Veterans' Appeals (Board) that denied an effective date earlier than August 1, 1997, for the grant of service connection for the appellant's back condition. The parties each filed briefs, and the appellant filed a reply brief. Thereafter, the Court heard oral arguments in the case. For the reasons that follow, the Court will modify the decision on appeal to remove from that decision the Board's statement regarding the status of the August 1955 RO decision and affirm the decision as modified.

## I. FACTS

Mr. Juarez served on active duty from April 1951 to April 1954. Record (R.) at 18. He filed a claim for service connection for a back injury in May 1954. R. at 41-42. In an August 9, 1955, decision, the San Antonio, Texas, VA regional office (RO) denied the claim, and the RO sent Mr. Juarez notice of its decision in a letter dated one day later. R. at 59, 61. Mr. Juarez asserts that he did not appeal the decision because he did not receive notice of the decision.

Forty-one years later, in March 1996, Mr. Juarez again applied for service-connected compensation for his back condition. R. at. 359. In that claim, he explicitly asserted that he never received notice of an adjudication of the claim he filed in 1954. *Id.* In April 1996, the RO determined that new and material evidence had not been submitted to reopen his claim for service connection for his back condition. R. at 362-65. The RO noted that "service connection for back injury was denied in 8-55" and that there was "no reasonable possibility that the new evidence submitted in connection with the current claim would change our previous decision." R. at 364. Mr. Juarez was notified of this decision in an April 1996 letter. R. at 362. He concedes that he received notice of this decision.

Two years later, in August 1998, the RO granted service connection for postoperative spinal stenosis, L4-L5, and assigned a 60% disability rating, effective August 27, 1997. R. at 435-38. Mr. Juarez filed a Notice of Disagreement (NOD), disagreeing with the effective date of the award, and attached thereto a copy of the August 9, 1955, RO decision. R. at 463-64. Following an appeal to the Board, the Board granted an effective date of August 1, 1997, but no earlier, for his service-connected back condition. R. at 893-905. The Board granted the earlier effective date because it found that, after Mr. Juarez had not appealed the April 1996 RO decision, he had filed on August 1, 1997, an informal claim to reopen his previously and finally disallowed claim. R. at 904. Thereafter, the matter concerning the proper effective date for his back condition was remanded by this Court. R. at 979-82.

After an extended procedural history, in January 2005, the Board issued its decision on appeal denying an earlier effective date for service connection for a back disorder. In its decision, the Board found that the appellant had not appealed the April 1996 RO decision denying his request to reopen his claim for service connection for his back condition and that that decision had become final. R. at 3. In so doing, the Board specifically noted that the appellant, through his attorney,

2

conceded at an October 2004 hearing that the appellant had received notice of the RO's April 15, 1996, letter notifying him of its April 1996 RO decision (R. at 7, 9, 10, 12, 13) and that it was undisputed that VA had received no pertinent communication from the appellant prior to August 1, 1997. R. at 12. The Board determined that because the April 1996 RO decision had become final, the assigned effective date of August 1, 1997, properly reflected the date of receipt of the application to reopen. R. at 13 (citing 38 U.S.C. § 5110). The Board also determined that, because the appellant was not notified of the 1955 decision, the 1955 RO decision "did not become final until one year from the date the veteran was notified in April 1996 of the RO's April 1996 rating decision confirming and continuing the previous denial of the claim." R. at 4, 11.

On appeal, the appellant argues that, although the April 1996 RO decision denied his claim to reopen, because the 1955 RO decision denying his original claim for service connection for his back condition was not yet final at the time his claim was ultimately granted in 1998, and because that original claim was filed within one year of the veteran's discharge from service, the correct effective date should have been April 25, 1954, the day following his discharge from service. Appellant's Brief (App. Br.) at 6-13. The appellant argues that "[u]ntil such time as the RO provides appropriate notice of the 1955 denial of his claim, the intermediate 1996 denial of reopening for lack of new and material evidence remains irrelevant to the continued nonfinality of the 1955 denial of the veteran's original claim." *Id.* at 12 (citing as analogous *Myers v. Principi*, 16 Vet.App. 228 (2002)). The Secretary counters that the unappealed April 1996 RO decision and the April 1996 notice letter cured any lack of notification of denial of the appellant's claim in August 1955. Secretary's Br. at 16. In reply, the appellant argues that the RO's error in mailing the 1955 RO decision was not cured by actual receipt by him of that decision and, therefore, the April 1996 RO decision did not constitute notice to him of the 1955 RO decision. Reply at 1-5.

## II. ANALYSIS

### A. Law on Effective Dates

The matter on appeal is the effective date for the award of service connection for the appellant's back condition. The law governing the effective date for an award of service connection is well established and not in dispute. The effective date for any award based on the reopening of

3

a claim must be based on the date of receipt of the claim to reopen. The general effective date statute provides that:

> Unless specifically provided otherwise . . . , the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

38 U.S.C. § 5110(a). Accordingly, when a claim is reopened, the effective date cannot be earlier than the date of the claim to reopen. *See Flash v. Brown*, 8 Vet.App. 332, 340 (1995); 38 C.F.R. § 3.400(r) (2006).

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has made it clear that an appellant generally can attempt to overcome the finality of a prior final decision of the RO or Board in only one of two ways: By a request for revision of an RO or Board decision based on clear and unmistakable error (CUE), or by a claim to reopen based upon new and material evidence. *See Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc); *see also* 38 U.S.C. § 7111(a) ("A decision by the Board is subject to revision on the grounds of [CUE]. If evidence establishes the error, the prior decision shall be reversed or revised."). Of the two options for challenging a final decision, only a request for revision premised on CUE could result in the assignment of an earlier effective date for an award of service connection, because the proper effective date for an award based on a claim to reopen can be no earlier than the date on which that claim was received. 38 U.S.C. § 5110(a); *see Leonard v. Nicholson*, 405 F.3d 1333, 1337 (Fed. Cir. 2005) ("[A]bsent a showing of CUE, [the appellant] cannot receive disability payments for a time frame earlier than the application date of his claim to reopen, even with new evidence supporting an earlier disability date."); *Flash v. Brown*, 8 Vet.App. 332, 340 (1995) ("[W]hen a claim to reopen is successful and the benefit sought is awarded upon readjudication, the effective date is the date of the claim to reopen."); *see also Bingham v. Nicholson*, 421 F.3d 1346 (Fed. Cir. 2005).

### 1. Challenge to the prior final adjudication

Here, the appellant's claim for VA compensation benefits for a back condition was reopened and granted in August 1998. The RO assigned an effective date, which was adjusted to August 1, 1997, by the Board, and that effective date is the subject of the current appeal. Prior to the August 1998 RO decision, the RO in April 1996 had denied reopening of the appellant's claim. It is

4

undisputed that the April 1996 RO decision denying reopening was a final decision. The Board specifically found that (1) the appellant conceded that he had received notice of that decision and (2) the April 1996 RO decision became final. R. at 7, 9, 10, 12, 13; *see* R. at 1186-1204 (October 2004 hearing before the Board). On appeal, the appellant does not challenge those findings by the Board. Rather, the appellant challenges the Board's finding with respect to the impact of the April 1996 RO decision on his original 1954 claim. The Board determined that "because the veteran did not challenge the April 1996 determination within a year of receiving the notice, an effective date prior to August 1, 1997, is not available" under 38 U.S.C. § 5110. R. at 12-13. The Board considered and rejected the appellant's contention that his receipt of the April 1996 notice letter was "'wholly irrelevant' to the issue concerning whether he had received notice of the August 1955 denial because they related to different claims, i.e., whether new and material evidence had been presented to reopen a claim of service connection for back disability rather than whether service connection was warranted for back disability." R. at 10. In reaching its decision on the finality of the April 1996 RO decision, the Board stated:

> [T]he veteran is challenging the basis of the April 1996 denial, rather than whether he received notice of the April 1996 determination. The bottom line remains, however, that his back disability claim, regardless of the basis, was denied in an April 1996 rating decision, that he received notification of that denial and of his appellate rights, and that he did not appeal. As such, finality attached to the April 1996 rating action.

R. at 13.

The Court concludes, as did the Board, that the appellant's challenge is a challenge to the basis of the April 1996 RO decision. *See DiCarlo v. Nicholson*, 20 Vet.App. 52, 57 (2006) ("Furthermore, the conclusion that a prior decision is final is not a conclusion that the prior decision is correct, which can be rebutted by a showing of error in the prior decision. Although a final decision enjoys a presumption of correctness, finality and correctness are different concepts."). The appellant is essentially arguing that the RO, in deciding his claim in April 1996 for compensation for his back condition, should not have required that the appellant submit new and material evidence. Contrary to the appellant's assertion, the April 1996 denial of reopening is not "irrelevant" to the issue of the correct effective date for the grant of service connection for his back condition. In the April 1996 decision, the RO determined that new and material evidence had not been submitted to

5

reopen his claim for service connection for his back condition. R. at 362-65. The RO noted that "service connection for back injury was denied in 8-55" and that there was "no reasonable possibility that the new evidence submitted in connection with the current claim would change our previous decision." R. at 364. The prior April 1996 RO decision is binding and its clear language cannot be ignored. The appellant is essentially contesting the finding in the April 1996 decision that the 1955 decision was a final decision on his claim. The appellant could have appealed the 1996 RO decision and argued that it incorrectly determined the finality of the 1955 decision. However, he did not do so.

The appellant's contention of error with respect to the 1996 final RO decision, even though presented in terms suggesting a lack of finality in the 1955 RO decision, is a matter that is not currently on appeal before the Court and this is not a matter over which the Court has jurisdiction. Assertions of error in final decisions below are generally properly brought pursuant to a request for revision of the prior decisions based on CUE. *See* 38 U.S.C. §§ 5109A, 7111; 38 C.F.R. §§ 3.105, 20.1400 (2006); *see also Jarrell v. Nicholson*, 20 Vet.App. 326, 332 (2006) (en banc). The Court does not have jurisdiction, in the context of this appeal, to consider the appellant's collateral attack on the April 1996 RO decision. *See Cook*, *supra*.

In this case, the Board decision on appeal erred in reviewing the finding made in the final April 1996 RO decision that the 1955 RO decision was a prior final disallowance of the claim for which new and material evidence was required for reopening. Because the Board lacked jurisdiction to make findings on whether the 1955 decision was a final decision, an issue that was integral to the final 1996 RO decision denying reopening, we must modify that portion of the Board decision that failed to give proper respect to the finality of the prior decision on that issue. Accordingly, the Court will modify the decision on appeal to remove from that decision the Board's statement regarding the status of the August 1955 RO decision, including its statement that the August 1955 RO decision became final one year from the date the veteran was notified in April 1996 of the RO's April 1996 RO decision confirming and continuing the previous denial of that claim. *See* 38 U.S.C. § 7252(a); *Seri v. Nicholson*, 21 Vet.App. 441, 444 (2007). Given that the appellant's arguments for an earlier effective date are all based on a disagreement with the conclusion of the April 1996 RO decision, they must be rejected because neither the Board nor the Court here has jurisdiction to reverse or

modify the 1996 RO decision through this appeal. *Cook*, 318 F.3d at 1337 (collateral attacks on VA decisions are limited to those created by Congress).

### 2. Prior final adjudication of the claim

There is no merit to the appellant's argument that the April 1996 RO decision was not a decision on his claim for VA compensation benefits for his back condition and that that RO decision decided a claim that is different from his original claim for service connection for his back condition. The Federal Circuit made clear in *Deshotel v. Nicholson*, 457 F.3d 1258, 1261-62 (Fed. Cir. 2006), that a claim does not need to be formally adjudicated, as long as it is discussed sufficiently in the body of the decision to provide a claimant notice that the benefit was being denied and that the claimant has the opportunity to appeal that denial. In short, to create finality, the notice of the decision must identify the benefit being denied; it need not give a valid reason for denying it. *See Bingham v. Nicholson*, 421 F.3d 1346, 1349 (Fed. Cir. 2005) (unappealed decision is final as to all possible theories of entitlement, not just theories explicitly addressed). Where the reason for denying the benefit is invalid, the proper remedy is a timely appeal. Otherwise, the correctness of the decision can be disputed only through a statutorily-authorized collateral attack. *Cook*, 318 F.3d at 1337.

In this case, the appellant indisputably had notice from the 1996 RO decision that he was being denied VA compensation benefits for a back disability. Both his original claim and his claim to reopen are claims for compensation for a back condition–an asserted service-connected disability. *See Schroeder v. West*, 212 F.3d 1265, 1269 (Fed. Cir. 2000) (holding that VA regulatory provisions define a claim broadly as an application for benefits for a current disability); *Roebuck v. Nicholson*, 20 Vet.App. 307, 312-13 (2006) (holding that "a claim is an application for entitlement to a VA benefit based on a current disability"). Notably, the appellant in March 1996 submitted to VA correspondence in which he stated: "Please consider this request for SC [(service connected)] disability for back injury . . . ." R. at 359. Based on this correspondence, the RO in April 1996 denied his claim. Although the Court does not now have jurisdiction to determine whether the August 1955 RO decision was a final decision because a challenge to the final April 1996 RO decision is not now before the Court, the Court concludes that the April 1996 RO decision put the appellant on notice that his claim for compensation for a back disability was being denied. *See Ingram v. Nicholson*, 21 Vet.App. 232, 243 (2007) ("a reasonably raised claim remains pending until

there is . . . an explicit adjudication of a subsequent 'claim' for the same disability"). Stated another way, the appellant's original claim for service-connected compensation benefits, even if still pending at that time, was denied when the April 1996 RO explicitly determined that new and material evidence had not been submitted to reopen his claim. Thereafter, when the appellant did not appeal the April 1996 RO decision with respect to the denial of benefits for his back disability, it became final. *See* 38 U.S.C. § 7105(c); *Cook*, 318 F.3d at 1340; *see also Deshotel*, 457 F.3d at 1261. The Court concludes that the April 1996 RO decision was a final prior adjudication of his claim for VA compensation benefits for his back condition, i.e., a final prior adjudication of his claim for service connection for the back condition.

The Court is not persuaded by the appellant's attempt to equate this case with *Myers*, 16 Vet.App. at 228. In *Myers*, the appellant's claim for service connection for a back condition was denied in April 1958. *Id.* at 229. Within one year of the mailing of notice of that decision, the appellant submitted a letter to the RO that the Secretary failed to recognize as an NOD as to that decision. *Id.* The RO subsequently denied three requests to "reopen" the 1958 denial and the appellant did not attempt to appeal them. *Id.* Finally, in 1996 the RO rejected another attempt to "reopen" the claim, and that decision was appealed to the Board. *Id.* at 230. After a Board remand, the appellant was granted benefits, and he appealed the effective date assigned. *Id.* On review of the effective-date decision, this Court held that the original 1958 RO decision never became final because the NOD had not been processed, notwithstanding the intermediate denials of the three claims to "reopen." *Id.* at 235. As a result, the Board's 1997 decision was a continuation of the appeal that began with the 1959 NOD and "the veteran's original service-connection claim was part of the current claim stream." *Id.* at 236. The Court remanded the matter to the Board to assign an appropriate effective date based on his original claim. *Id.*

The filing of an NOD in *Myers* distinguishes it from this case. *Myers* stands for the proposition that once an NOD has been filed, further RO decisions, which do not grant the benefit sought, cannot resolve the appeal that remains pending before the Board. Only a subsequent Board decision can resolve an appeal that was initiated but not completed. *See Ingram*, 21 Vet.App. at 241; *cf. Smith v. Brown*, 35 F.3d 1516, 1526 (Fed. Cir. 1994) (as an inferior tribunal, RO lacks authority to usurp Board by collaterally reviewing its decisions). In this case, the appellant has not alleged a jurisdictional barrier that would have prevented the RO in 1996 from making a determination as

8

to the finality of the 1955 decision. The procedural posture of the instant case is not similar to that in *Myers*, where the RO, upon receipt of the NOD, was required to prepare a Statement of the Case. *See* 38 U.S.C. § 7105(d)(1). Because the appellant's 1954 claim had never moved into an appellate status at VA, the subsequent April 1996 RO adjudication was an adjudication of the appellant's claim.

In summary, the appellant's argument for an earlier effective date is premised on the assertion that the 1955 RO decision did not become final. However, the 1996 RO decision determined that the prior decision was final as part of its determination that new and material evidence had not been submitted. The 1996 RO decision provided notice that compensation for the appellant's back condition was being denied and gave him the opportunity to appeal and present any and all arguments of error, including the argument that its determination on finality of the 1955 RO decision was flawed. The 1996 RO decision was not appealed. Accordingly, its rulings, including its finality determination, are final and binding until a successful collateral attack has been made. There is no such collateral attack on the April 1996 decision currently before the Court.[1]

## B. Proper Effective Date

Pursuant to 38 U.S.C. § 5110(a), the proper effective date for an award based on a claim to reopen can be no earlier than the date on which that claim was received. In its decision, the Board found that the appellant's claim to reopen his previously disallowed claim for service connection for his back condition was received by VA on August 1, 1997. Based on section 5110(a), the Board

---

[1] Our separately writing colleague argues that our decision today precludes the assignment of an earlier effective date through any future collateral attack on the 1996 RO decision. We need not reach that issue in this decision, and we have not done so. We do note, however, that our decision today is based upon a certain set of circumstances– specifically, the existence of the final 1996 VA regional office (RO) decision that denied the appellant's back claim. Our decision holds that the prior 1996 RO decision prevented the current Board decision from revisiting the finality of the 1954 claim. We vacated a portion of the Board decision so as to preclude any argument that the 1996 RO decision was subsumed by the present litigation, including this Court decision. Hence, our decision to vacate the ultra vires portion of the Board decision unambiguously means that the prior RO decision is not subsumed. Therefore, the 1996 RO decision may still be collaterally attacked. If a future attack on that final decision were to result in a finding of clear and unmistakable error, then that would present a new or changed set of circumstances (i.e., circumstances not considered by this Court in this decision) that would have to be considered in determining whether an earlier effective date is possible. Of course, we express no opinion on the merits of any such attack. We, therefore, also need not reach the issue of what, if any, effect such an attack could have on the effective date now being affirmed by this Court. Our decision today reviews the effective date of the only claim properly before the Board–the claim for the separate August 1997 claim to reopen.

concluded that August 1, 1997, was the appropriate effective date as a matter of law. The Court cannot conclude that this decision is clearly erroneous.

## III.  CONCLUSION

The January 3, 2005, Board decision is MODIFIED to remove the Board's statements on the status of the August 1955 RO decision. The decision, including its determination that the April 1996 RO decision was final, is otherwise AFFIRMED.

KASOLD, *Judge*, concurring in result: Although I concur fully in affirming the Board decision in this case, I write separately (1) because I see no basis for modifying the Board decision, and (2) to note that our decision today precludes the assignment of an earlier effective date by attacking any decisions below based on clear and unmistakable evidence (CUE).

The 1996 RO decision noted that the 1955 RO decision had denied Mr. Juarez's initial claim, and that the 1996 RO decision denied Mr. Juarez's claim to reopen because he had not submitted new and material evidence. Although denying a claim to reopen because there is no new and material evidence necessarily implies that a previous claim has become final, the issue of finality of the 1955 RO decision was neither litigated in the 1996 RO proceedings nor explicitly decided by the 1996 RO decision. Accordingly, collateral estoppel (issue preclusion) did not attach, and therefore did not preclude the issue of the finality of the 1955 RO decision from being raised in another setting. *See Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 326 (1955) (noting that collateral estoppel applies to "issues actually litigated and determined in the prior suit"). *See generally,* 47 AM. JUR. 2D Judgments § 493 (2006) (discussing the doctrine of collateral estoppel). Thus, this case differs markedly from our decision in *DiCarlo v. Nicholson,* 20 Vet.App. 52, 57 (2006), holding that an issue explicitly addressed and decided by a Board decision, generally, may not be re-addressed in a subsequent Board decision except on the basis of CUE in the earlier Board decision.

On the other hand, a claim to reopen, although it has its own distinct elements, i.e., the requirement for new and material evidence, is nevertheless part of the original claim stream. Thus, when the 1996 RO denied the claim to reopen because new and material evidence had not been submitted, this decision could have been appealed on any number of issues, one of which was the issue of whether new and material information was required in the first instance. Otherwise stated,

Mr. Juarez could have appealed the 1996 RO decision on the grounds that the 1955 RO decision denying him benefits had not become final and that the 1996 RO erred in denying his claim because new and material evidence had not been submitted. Mr. Juarez, however, never appealed the 1996 RO decision, and the issues that could have been raised in that appeal were foreclosed from attack by application of res judicata (claim preclusion), *see McDowell v.Brown,* 5 Vet.App. 401, 405 (1993) (holding that res judicata precludes "further claims by the parties or their privies based on the same cause of action, including issues actually litigated and . . . *those which might have been litigated or adjudicated therein*")(emphasis added); *see also Cook v. Principi,* 318 F.3d 1334, 1337 (Fed. Cir. 2002) (en banc) (applying the principles of res judicata to agency decisions that have not been appealed and have become final), except by way of revision based on clear and unmistakable error, *see* 38 U.S.C. § 5109A; 38 C.F.R. § 3.105(a) (2007).

In the Board decision on appeal, I do not believe the Board improperly examined the issue of finality of the 1955 RO decision, which was raised by Mr. Juarez. Rather, the Board discussed the facts, which included recognition that (1) Mr. Juarez's 1955 RO decision had remained in a non-final state for a time, but that the 1996 RO decision denying his claim could have been appealed and, (2) his claim for disability compensation for a back disability – the initial claim and the purported claim to reopen – became final when the 1996 RO decision was not appealed. Since the issue of finality of the 1955 RO decision had not been litigated in the 1996 RO decision, the Board was not barred from addressing both the impact of the 1996 RO decision and the failure of Mr. Juarez to appeal that decision on the status of the 1955 RO decision. Thus, there is no reason to modify the Board decision.

With regard to a possible subsequent attack on the 1996 RO decision, I note that our decision today affirms the Board's decision that Mr. Juarez is not entitled to an effective date earlier than August 1, 1997, and our decision may only be attacked on appeal to the Federal Circuit. *See Winsett v. Principi*, 341 F.3d 1329, 1331 (Fed. Cir. 2003) (holding that CUE may not be brought after an underlying issue has been adjudicated by a court and noting that permitting such action "would allow a lower tribunal to review the decision of a higher tribunal").

11