NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7034

DANIEL PRICE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Andrew J. Waghorn, of Gainesville, Virginia, for claimant-appellant.

Scott D. Austin, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7034

DANIEL PRICE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 06-1853, Chief Judge William P. Greene, Jr.

_____

DECIDED:  October 8, 2009

_____

Before  NEWMAN, BRYSON, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Daniel Price appeals from a decision of the Court of Appeals for Veterans Claims

("the Veterans Court"), in which that court upheld a decision by the Board of Veterans'

Appeals holding that an earlier decision by the Board did not contain clear and

unmistakable error.  We <u>affirm</u>.

BACKGROUND

Mr. Price served in the U.S. Army from 1961 to 1968. In 1982, he filed a claim with the Veterans Administration seeking service connection for "readjustment problems," a condition later classified as post-traumatic stress disorder ("PTSD"). The regional office denied his claim in October 1982 but failed to notify him of the denial, so the claim remained open. In 1989, he requested that his claim be reopened. The regional office denied the request in November 1989, finding that "the weight of the evidence fails to establish the criteria for a diagnosis of PTSD was met." The regional office added that the evidence "does not present a new factual basis to establish service connection for PTSD, previously denied." Mr. Price did not appeal that denial, and it became final.

In 1992, Mr. Price again sought to reopen his claim. After further development, the regional office granted the claim and assigned him a 30% disability rating with an effective date of April 1992. Mr. Price, however, contended that because he had never been notified of the denial of his 1982 claim, the effective date of his disability rating should have been 1982. In a 2003 decision, the Board of Veterans' Appeals denied Mr. Price's claim for a 1982 effective date and held, instead, that the effective date for his disability rating was the date of his renewed claim in 1992.

In 2005, Mr. Price filed a motion alleging that the Board's 2003 decision contained clear and unmistakable error. The error, according to Mr. Price, was treating the November 1989 regional office decision as rendering final the regional office's October 1982 decision that denied his original claim. The Board denied relief in a decision issued in 2006. In its 2006 opinion, the Board acknowledged that the regional

2009-7034                                    2

office in November 1989 had advised Mr. Price that he needed to submit new and material evidence in support of his claim in light of the fact that the claim had previously been denied. However, the Board found that "it is clear from a reading of the November 1989 rating decision that the issue of entitlement to service connection for PTSD was decided on the merits." In light of the fact that the November 1989 rating decision addressed and decided the issue of entitlement to service connection for PTSD on the merits, the Board concluded that "the October 1982 rating decision was subsumed by the November 1989 decision, as it adjudicated the same exact issue." Because Mr. Price was notified of the November 1989 rating decision but did not appeal that decision before it became final, the Board concluded that "neither the October 1982 nor the November 1989 rating decisions remains 'open and pending' as argued by the veteran."

Mr. Price appealed to the Veterans Court, which affirmed. The court held that the Board was correct to hold, both in 2003 and 2006, that the 1989 regional office decision had the effect of subsuming his 1982 claim and that both the 1982 decision and the 1989 decision became final when Mr. Price did not appeal the 1989 regional office decision. The court also rejected Mr. Price's argument that the Board in 2006 erred by concluding that the regional office in 1989 had decided and denied Mr. Price's service connection claim on the merits. The court explained that although the Board in 2003 had assumed that the regional office in 1989 had denied Mr. Price's claim based on the failure to present new and material evidence, it was not improper for the Board in 2006 to reexamine the question of what the regional office actually did in 1989. The court explained that the Board in 2006 simply "delved further into the actual determinations made in [the November 1989] adjudication," and that it was within the

Board's authority to do. The court added that even if the November 1989 regional office decision were treated as having denied a claim to reopen rather than having denied Mr. Price's claim for service connection on the merits, the regional office's action would have constituted sufficient notice that his overall claim for service connection for PTSD was denied. Accordingly, the Board concluded, Mr. Price's failure to appeal from the November 1989 regional office decision rendered both his 1982 and 1989 claims final. Mr. Price now appeals to this court.

## DISCUSSION

We uphold the decision of the Veterans Court. The government contends that this appeal is not within our jurisdiction because it raises only a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2). While it is true that Mr. Price's challenge to the decisions below is largely factual in nature, his appeal raises one legal issue that falls within this court's jurisdiction: whether, under the state of the law at the time of the Board's decision in 2003, an earlier claim that was still open because the veteran had not been notified of its denial was rendered final by a later decision denying a claim for service connection for the same disability.

As to that issue, Mr. Price argues that the Board's 2003 decision was clearly wrong in light of legal principles in effect at that time. According to Mr. Price, the decision of the Veterans Court upholding the Board's 2006 decision was based on a post-2003 change in the law that the court should not have considered in determining whether the Board committed clear and unmistakable error in its 2003 decision. The change in the law, Mr. Price argues, came in the form of decisions of the Veterans Court in 2007 and 2008 that held, for the first time, that a decision denying reopening of

a claim for lack of new and material evidence had the effect of rendering final an earlier regional office decision on the same claim that was still open. According to Mr. Price, precedents of the Veterans Court that were in effect as of 2003 made clear that a decision denying a claim based on the absence of new and material evidence would not have the effect of denying an earlier claim relating to the same disability that was still open. For that reason, he argues, the Board in 2003 committed clear and unmistakable error by failing to rule that the effective date for the ultimate award of benefits for his PTSD claim was the filing date of his original 1982 claim.

The first flaw in that argument, as explained by the Veterans Court, is that the Board in 2006 examined the 1989 regional office decision and concluded that the regional office had denied Mr. Price's claim on the merits, not simply for failure to submit new and material evidence. There is no room for dispute that, if the 1989 regional office decision was on the merits, the 1982 regional office decision was subsumed in the 1989 decision, and the 1982 decision became final when Mr. Price failed to appeal the 1989 decision. See Williams v. Peake, 521 F.3d 1348, 1351 (Fed. Cir. 2008) ("a subsequent final adjudication of a claim which is identical to a pending claim that had not been finally adjudicated terminates the pending status of the earlier claim"). Although Mr. Price questions whether the Board in 2006 should have addressed the question whether the 1989 decision was on the merits, the Board's 2006 decision makes clear that the Board committed no legal error when it examined the November 1989 regional office decision to ascertain what the regional office decided at that time. As the Veterans Court put it, the Board in 2006 "merely delved further into the actual determinations made in that adjudication." As the court further explained, in making a

determination as to whether an earlier decision was infected by clear and unmistakable error, the Board was entitled to make findings, including findings as to the nature of the November 1989 regional office decision. Those findings are not open for us to reconsider. See 38 U.S.C. § 7292(d)(2).

The Veterans Court held that even if the 1989 regional office decision were based on the failure to submit new and material evidence, Mr. Price would still not be entitled to a 1982 effective date for his claim, because even in that setting the denial of his 1989 claim would have the effect of notifying him that his 1982 claim for service connection for PTSD had been denied. In support of that ruling, the Veterans Court cited two of its decisions, Juarez v. Peake, 21 Vet. App. 537 (2008), and Ingram v. Nicholson, 21 Vet. App. 232 (2007). Mr. Price does not ask us to reject those decisions or suggest that they do not apply to a situation such as the one in this case. Instead, his claim is that because those decisions post-dated the Board's decision in 2003, it was legal error for the Veterans Court to apply the law set forth in those decisions in determining whether the Board's 2003 decision was infected by clear and unmistakable error.[1]

---

[1] Typically, when a veteran raises a collateral challenge to an earlier decision based on a claim of clear and unmistakable error, the question whether there has been a change in the law since the time of the earlier decision is directed to whether, even if the law is now more favorable to the veteran, the earlier decision was nonetheless correct in light of the state of the law at the time. See 38 C.F.R. § 20.1403(a) (for clear and unmistakable error to be found, "the statutory and regulatory provisions extant at the time [must have been] incorrectly applied"); id. § 20.1403(e) ("Clear and unmistakable error does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation."). This case, in which the argument is that the state of the law was more favorable to the veteran at the time of the earlier decision, is therefore different from the usual case raising a claim of clear and

Contrary to Mr. Price's argument, the Veterans Court explained that the Juarez and Ingram decisions did not effect a change in the law but instead were consistent with previously applicable legal principles. The court had simply had no occasion to apply the governing principles in the particular settings that arose in Juarez and Ingram until those cases were decided. To say that a decision applies a particular rule in a new setting for the first time is, of course, far different from saying that the new decision represents a change in the law.

Citing Myers v. Principi, 16 Vet. App. 228 (2002), which predated the Board's 2003 decision, Mr. Price argues that when the Veterans Court in Juarez and Ingram declined to apply Myers to a case involving a regional office's failure to notify the veteran of an adverse decision, the court created a new rule of law. For that reason, he argues that Juarez and Ingram reflect a change in the law and that the 2003 Board decision contained clear and unmistakable error under then-applicable legal principles. As the Veterans Court explained, however, the Myers decision is distinguishable from the later decisions in Juarez and Ingram and does not apply under the circumstances of either those cases or this case. In Myers, unlike in this case, the veteran had filed a notice of disagreement with the regional office decision. That step had the effect of initiating an appeal in the Board of Veterans' Appeals. The regional office took none of

unmistakable error. We do not address whether clear and unmistakable error can be found when the state of the law at the time of the original decision was more favorable to the veteran than it was when the veteran filed his collateral challenge to the earlier decision. We also do not address the related question whether the state of the law for purposes of a claim of clear and unmistakable error can be based on a judicial or administrative interpretation of a statute or regulation, which interpretation is later altered by the court in a manner that is less favorable to the veteran.

2009-7034                                    7

the further required steps to process the appeal in the proper fashion, so the case remained open in an appellate posture for years. Under those circumstances, the Veterans Court held that a later decision of the regional office denying the veteran's claim could not have the effect of terminating his earlier claim, since the regional office's action could not affect a case that was already pending before the Board on appeal. In this case, by contrast, the veteran never filed a notice of disagreement, so the claim remained open before the regional office. Accordingly, the regional office's later rejection of a claim based on the same disability could serve to bring finality to the earlier pending claim. Indeed, the Veterans Court in Juarez distinguished Myers on exactly that ground, providing further support for the conclusion that Juarez and Ingram did not represent a change in the law.[2]

For these reasons, we uphold the decision of the Veterans Court rejecting Mr. Price's argument that the 2003 Board decision was infected by clear and unmistakable

---

[2] In his reply brief, Mr. Price argues that the Veterans Court's decision in Woods v. Gober, 14 Vet. App. 214 (2000), cited by the court in Myers, indicates that at the time of Myers a veteran in Mr. Price's position would be accorded an effective date as of the date of his original claim. The Woods case, however, presents an entirely different fact situation and provides no support for Mr. Price's argument. In that case, an original claim remained open, and the veteran's claim to reopen his case was granted. In that context, the effective date was properly traced to the date the veteran's original claim was filed. See Adams v. Shinseki, 568 F.3d 956, 960 (Fed. Cir. 2009) ("If a claim is left pending, it can be addressed when a subsequent claim for the same disability is adjudicated by the DVA, in which case the effective date for any award of benefits will be the effective date applicable to the original claim."). Because the claim to reopen was granted in the Woods case, there was no issue as to whether the denial of the claim to reopen would have constituted a denial of the original claim as well. Accordingly, neither the Woods case standing on its own, nor the fact that the Myers court cited Woods, provides any support for Mr. Price's characterization of the scope of the Veterans Court's decision in Myers.

2009-7034                                  8

error. Mr. Price is therefore not entitled to an effective date in 1982 for the disability rating assigned for his PTSD.

No costs.