﻿Citation Nr: AXXXXXXXX
Decision Date: 02/13/19 Archive Date: 02/13/19

DOCKET NO. 181011-674
DATE: February 13, 2019

ORDER

An effective date of May 11, 2012, for the award of service connection for female sexual arousal disorder (FSAD) is granted.

An effective date of May 11, 2012, for the award of a special monthly (SMC) for loss of use of a creative organ is granted.

FINDING OF FACT

The Veteran’s claim for service connection for painful sexual intercourse was received on May 11, 2012.

CONCLUSIONS OF LAW

1. The criteria for an effective date of May 11, 2012, for the award of service connection for FSAD have been. 38 U.S.C. §§ 5110, 5107 (2012); 38 C.F.R. § 3.400 (2018). 

 2. The criteria for an effective date of May 11, 2012, for the award of SMC for loss of use of a creative organ have been met. 38 U.S.C. §§ 1114(k), 5110, 5107 (2012); 38 C.F.R. §§ 3.350(a)(1), 3.400 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served on active duty from June 1999 to August 2004. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2018 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 

Earlier Effective Dates

In a March 2018 rating decision, the RO granted service connection for FSAD and SMC for loss of use of a creative organ, effective June 22, 2017. Thereafter, the Veteran appealed the effective date assigned to the award of service connection for FSAD and SMC. The Veteran asserts that the effective date should be May 11, 2012, because that is when she initially filed her claim. 

Unless specifically provided otherwise, the effective date of an award of compensation shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. The effective date of an award of compensation based on an original claim will be the date VA received the claim, or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(b)(2). 

Prior to March 24, 2015, a “claim” was defined as a “formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit.” 38 C.F.R. § 3.1(p) (2012). A claimant’s identification of the benefit sought does not require technical precision. Brokowski v. Shinseki, 23 Vet. App. 79, 85 (2009) (citing Ingram v. Nicholson, 21 Vet. App. 232, 256-57 (2007)). Rather, “[a] 

claimant may satisfy this requirement by referring to a body part or system that is disabled or by describing symptoms of the disability.” Brokowski, 23 Vet. App. at 86-87. The scope of a claim includes any disability that reasonably may be encompassed by the claimant’s description of the claim, reported symptoms, and the other information of record. Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). 

1. Entitlement to an earlier effective date for the grant of service connection for female sexual arousal disorder 

Upon review of the record, the Board finds that an effective date of May 11, 2012, for the award of service connection for FSAD is warranted.

On May 11, 2012, the Veteran submitted a claim for service connection for abdominal pain relating to the cervix. In a December 2012 rating decision, the RO denied service connection for endometriosis, and the Veteran perfected an appeal of that decision. In a written statement accompanying her December 2012 notice of disagreement, the Veteran asserted that she experienced constant abdominal pain, especially during sexual intercourse. In written statements received in January 2013 and May 2013, she stated that her claim was incorrectly characterized as one for endometriosis and that she was seeking service connection for injury to the vulva, uterus, and/or cervix, resulting in chronic pain. 

During VA gynecological examinations conducted in August 2013 and January 2014, the Veteran reported symptoms of chronic abdominopelvic pain and dyspareunia, or painful sexual intercourse. In an April 2015 written statement, the Veteran asserted that her abdominal pain also established entitlement to SMC based on the loss of use of a creative organ due to her dyspareunia. In a September 2016 remand of the Veteran’s service connection claim for abdominal pain, the Board noted that the Veteran’s diagnoses included “chronic pelvic pain, deep dyspareunia (pain during intercourse), and dysmenorrhea (pain during menstruation).” Based on the foregoing, the Board finds that the Veteran’s May 2012 service connection claim for abdominal pain encompassed a service connection claim for painful sexual intercourse. See Brokowski, 23 Vet. App. at 86-87; Clemons, 23 Vet. App. at 5.

In June 2015, the RO issued a rating decision denying service connection for dyspareunia and entitlement SMC, and the Veteran did not appeal that decision. However, the appeal of her initial service connection claim for painful intercourse was still pending at the time. 

The Veteran underwent another VA examination in September 2016 pursuant to her initial service connection claim for abdominal pain, during which she reported dyspareunia to the point where she avoided sexual intercourse due to the pain. In a November 2016 rating decision, service connection was granted for chronic gynecologic abdominal pain with pelvic adhesions, effective May 11, 2012. In a December 2016 written statement, the Veteran asserted that the November 2016 rating decision failed to address her dyspareunia and entitlement to SMC. Thereafter, the RO did not issue a supplemental statement of the case (SSOC) addressing those issues, nor was the claim returned to the Board for further adjudication. Although the Veteran submitted another application for service connection for a gynecological condition and SMC in November 2017, her original service connection claim for painful sexual intercourse remained pending. See 38 C.F.R. § 3.160(c) (2018) (a “pending claim” is a claim which has not been finally adjudicated); see also Juarez v. Peake, 21 Vet. App. 537, 543 (2008) (noting that “[o]nly a subsequent Board decision can resolve an appeal that was initiated but not completed”). 

In January 2018, the Veteran underwent another VA examination, during which she again reported symptoms of pelvic pain and painful intercourse. The examiner indicated that “[p]elvic pain and/or painful intercourse (in this Veteran’s case secondary to chronic abdominal/pelvic pain secondary to adhesions) can cause a persistent or recurrent inability to attain sexual arousal or to maintain arousal until the completion of a sexual activity[,] also known as FSAD.” In a March 2018 rating decision, the RO granted service connection for FSAD and SMC. As the Veteran’s initial service connection claim for painful sexual intercourse, which was later diagnosed as FSAD, remained pending since the date of the original denial in December 2012, the effective date for the award of service connection for FSAD should be the date the claim was received, or May 11, 2012. 

2. Entitlement to an earlier effective date for the award of a special monthly for loss of use of a creative organ 

SMC is payable at a specified rate if a veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of one or more creative organs. 38 U.S.C. § 1114(k); 38 C.F.R. § 3.350(a)(1). In this case, SMC was awarded based on a finding that the Veteran’s service-connected FSAD constituted loss of use of a creative organ. As service connection for FSAD is now in effect as of May 11, 2012, an effective date of May 11, 2012, for the award of SMC is also warranted. 

 

K. A. BANFIELD

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Banister, Counsel