﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 200716-85086
DATE: October 30, 2020

ORDER

An effective date of August 5, 2010 is granted for the award of service connection for posttraumatic stress disorder (PTSD).

A 70 percent rating, but no higher, is granted for PTSD from August 15, 2018, subject to the law and regulations governing the award of monetary benefits.

REMANDED

Entitlement to an initial compensable rating for PTSD prior to August 15, 2018 is remanded.

FINDINGS OF FACT

1. The Veteran first filed an application for service connection for PTSD on August 5, 2010; the Department of Veterans’ Affairs (VA) Regional Office (RO) in St. Petersburg, Florida denied the claim in a December 2011 rating decision, and the Veteran perfected an appeal of that decision to the Board of Veterans’ Appeals (Board) in March 2016.

2. In a July 2019 rating decision, while the Veteran’s legacy appeal with respect to service connection for PTSD was still pending, a VARO granted service connection and a 50 percent rating for PTSD, effective August 15, 2018. 

3. The December 2011 rating decision denying service connection for PTSD never became final.

4. From August 15, 2018, the Veteran’s PTSD has been productive of occupational and social impairment with deficiencies in most areas; total occupational and social impairment has not been demonstrated.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for an effective date of August 5, 2010 for the award of service connection for PTSD have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.400. 

2. Resolving reasonable doubt in the Veteran’s favor, the criteria for a 70 percent rating for PTSD from August 15, 2018 have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.130, Diagnostic Code (DC) 9411.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the U.S. Air Force from April 1968 to September 1972, to include service in Vietnam. His decorations include the Vietnam Service Medal and the Republic of Vietnam Campaign Medal. 

This matter comes to the Board on appeal from a July 2019 rating decision issued by a VARO. In its July 2019 decision, the RO granted service connection and a 50 percent rating for PTSD, effective August 15, 2018. In July 2020, the Veteran timely appealed to the Board, requesting the Evidence Submission docket, which allowed him 90 days following the receipt of his notice of disagreement (NOD) to submit additional evidence. 38 C.F.R. § 20.202(b)(3). 

The Board notes that in his July 2020 substantive appeal, the Veteran also sought to appeal the matter of his entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU). However, an appeal of that issue was already pending before the Board in the legacy review system. As such, that issue will be the subject of a separate decision, if otherwise in order.

Evidence was added to the claims file during a period of time when the record on appeal was closed. As the Board is deciding the claims of entitlement to an earlier effective date for PTSD and a rating in excess of 50 percent from August 15, 2018 for PTSD, it may not consider that evidence in its decision. 38 C.F.R. § 20.300. If he wishes to do so, the Veteran may file a Supplemental Claim and submit or identify the evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. The effective date for the award of service connection for PTSD

As noted above, in its July 2019 rating decision, the RO granted service connection for PTSD and found the effective date of the award to be August 15, 2018; the date on which the Veteran filed a VA Form 21-0966: Intent to File a Claim for Compensation and/or Pension, or Survivors Pension and/or DIC. The Veteran seeks to establish an earlier effective date for the award. Specifically, he contended in his July 2020 NOD that the effective date should be in August 2010, when he first filed a claim for service connection for PTSD. 

Generally, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. If a claim for disability compensation is received within one year after separation from service, the effective date of entitlement is the later of the day following separation or the date entitlement arose. 38 C.F.R. § 3.400(b)(2). Otherwise, it is the date of receipt of claim or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400.

The United States Court of Appeals for Veterans Claims (Court) has held that when a claim is reopened, the effective date of any subsequent award cannot be earlier than the date of the claim to reopen. Juarez v. Peake, 21 Vet. App. 537, 539-40 (2008); Flash v. Brown, 8 Vet. App. 332, 340 (1995). There is no provision in either the statute or the regulations that allows for an earlier effective date based on a reopened claim unless a clear and unmistakable error was committed in a prior decision or new and material evidence has been received in the form of additional relevant military records. See 38 U.S.C. § 5110(i); 38 C.F.R. §§ 3.105, 3.156(c).

Prior to March 24, 2015, a “claim” was defined as a formal or informal communication, in writing, requesting a determination of entitlement, or evidencing a belief in entitlement to a benefit. 38 C.F.R. §§ 3.1(p), 3.155(a); see also Servello v. Derwinski, 3 Vet. App. 196, 198-200 (1992). Pursuant to 38 C.F.R. § 3.155, any communication or action indicating an intent to apply for one or more VA benefits, including statements from a veteran’s duly authorized representative, could be considered an informal claim. Such an informal claim had to identify the benefit sought. 38 C.F.R. § 3.1(p) defined “application” as a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. See Rodriguez v. West, 189 F.3d 1351 (Fed. Cir. 1999). The date of receipt of a claim is the date on which a claim is received by VA. 38 C.F.R. § 3.1(r). 

The evidence reflects that the Veteran first filed a claim for PTSD on August 5, 2010. In a December 2011 rating decision, the RO denied the Veteran’s claim. He filed a legacy NOD in August 2012; the RO issued a statement of the case in March 2016, confirming and continuing its prior denial; the Veteran perfected his appeal to the Board later that same month; and the claim was certified to the Board in April 2016.

In August 2018, while the Veteran’s legacy claim for service connection for PTSD was still pending at the Board, the Veteran filed a VA Form 21-0966: Intent to File a Claim for Compensation and/or Pension, or Survivors Pension and/or DIC. In November 2018, he filed an application for service connection for prostate cancer and contended that he had mental health issues that were secondary to that disability. The RO accepted that as a claim for service connection for PTSD and, in a July 2019 rating decision, granted service connection for PTSD, effective August 15, 2018; the date it received the Veteran’s Intent to File. 

In view of the foregoing, the Board finds that the December 2011 rating decision denying the Veteran’s claim for service connection for PTSD never became final. He timely perfected an appeal of that rating decision to the Board, as noted, and the claim was still pending in the legacy system when the RO issued its July 2019 rating decision. As such, the date of claim for effective date purposes is August 5, 2010; which represents the earliest effective date that can potentially be assigned. 

The further question before the Board is when, on or after August 5, 2010, did entitlement arise. Resolving reasonable doubt in the Veteran’s favor, the Board finds that entitlement is also shown as of August 5, 2010. 

Private treatment records indicate that the Veteran was receiving treatment for mental health problems as early as August 2010. Mental status examination at that time showed that he had pressured speech, a tangential thought process, and impaired insight and judgment. A September 2010 VA treatment record also demonstrates that he had intermittent, fleeting thoughts of suicide at that time. 

The Veteran was afforded a VA examination in connection with his claim in February 2011. The examiner opined that the Veteran did not have PTSD and stated that there was an over-endorsement of symptoms suggestive of PTSD, but she found that he did have bipolar disorder. She opined that his psychiatric symptoms were better explained by his bipolar disorder and hypothyroidism. 

The record reflects that the first time the Veteran was formally diagnosed with PTSD was in April 2014, when a VA examiner found that his symptoms met all of the criteria necessary to warrant the diagnosis. 

The Veteran submitted the results of a private psychological evaluation from J. M., Ph.D. dated in September 2015. Dr. M. reviewed the file and conducted a phone interview with the Veteran. He cited to the February 2011 VA examination but stated that he believed that the Veteran had PTSD with concomitant and directly related persistent depressive disorder (PDD). Dr. M. stated that he did not believe that the Veteran had bipolar disorder, and further opined that his PTSD and PDD imposed very severe limitations of social and occupational functioning and that they prevented him from obtaining and maintaining employment since August 2010. He also stated that since at least August of 2010 the record was replete with reports of nearly constant depression and anxiety, often with suicidal ideation which affected his ability to function independently, appropriately, and effectively. 

The Veteran was afforded a second VA examination in January 2016. The examiner opined that the Veteran did not have PTSD but found that he did have unspecified depressive disorder. 

The Veteran submitted the results of a private neuropsychological evaluation dated in August 2017. The provider found that the Veteran had diagnoses of PTSD and mild neurocognitive disorder due to multiple etiologies. 

The Veteran submitted a letter from his private treating provider, E. B., Ph.D. in May 2019. Dr. B. stated that the Veteran had a diagnosis of PTSD and did not indicate that he had any other psychiatric diagnoses. 

Finally, the Veteran was afforded a third VA examination in July 2019. The examiner found that the Veteran had PTSD, and that he did not have any other mental health diagnoses. 

Given the totality of the evidence, and resolving reasonable doubt in the Veteran’s favor, the Board finds that the date that entitlement arose for the award of service connection for PTSD is the same date as the date of claim: August 5, 2010. While the Veteran was not formally diagnosed with PTSD until April 2014, the file clearly demonstrates that he had psychiatric symptoms at least as early as August 2010. Although the February 2011 and January 2016 VA examiners both opined that his symptoms were due to diagnoses other than PTSD, their findings that he did not have PTSD are contradicted by other evidence of record, and in any event, VA has conceded that the Veteran has PTSD inasmuch as it has awarded service connection for the disability. Still further, Dr. B.’s May 2019 statement and the results of the July 2019 VA examination indicate that the Veteran has only one psychiatric diagnosis: PTSD. It logically follows that his psychiatric symptoms must therefore be due solely to that disability, rather than due to some other psychiatric disability. At minimum, the evidence demonstrates that as early as August 5, 2010, the Veteran’s symptoms were as likely as not due to PTSD. 38 C.F.R. § 3.102. In view of the foregoing, and resolving reasonable doubt in favor of the Veteran, an effective date of August 5, 2010 for the award of service connection for PTSD is warranted. The appeal of that issue is granted. 

2. The rating for PTSD from August 15, 2018

The Veteran contends that his PTSD warrants a rating in excess of 50 percent from August 15, 2018. Specifically, he contended in his July 2020 substantive appeal that the disability has warranted a 70 to 100 percent rating since August 2010. 

Disability ratings are determined by applying the criteria set forth in the VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran’s disability. 38 C.F.R. § 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

The Veteran’s PTSD has been evaluated under Diagnostic Code 9411. 38 C.F.R. § 4.130. Ratings for psychiatric disabilities are evaluated under The General Rating Formula for Mental Disorders. 38 C.F.R. § 4.130. 

A 50 percent rating is warranted if the disorder is manifested by occupational and social impairment with reduced reliability and productivity due to such symptoms as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks (more than once a week); difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships.

A 70 percent rating is warranted if the disorder is manifested by occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; speech that is intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and an inability to establish and maintain effective relationships.

The highest available rating, 100 percent, is warranted if the disorder is manifested by total occupational and social impairment due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting oneself or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, one’s own occupation, or one’s own name. 38 C.F.R. § 4.130, DC 9411; see also Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002) (indicating that the Secretary’s use of the phrase “such symptoms as,” followed by a list of examples, provides guidance as to the severity of symptoms contemplated for each rating, in addition to permitting consideration of other symptoms, particular to each Veteran and disorder, and the effect of those symptoms on the claimant’s social and work situation).

Here, the Board finds that a 70 percent rating is warranted for the Veteran’s PTSD from August 15, 2018. 

The Veteran submitted a statement from E. B., Ph.D. in May 2019. Dr. B. stated that she had treated the Veteran on a weekly basis since August 2017. She noted that the Veteran had been having difficulty with anger management which appeared to have begun after his experience in the war. She noted that he often had problems with concentration and memory, and that his symptoms had been persistent through the years since his experience in Vietnam. She opined that the Veteran had occupational and social impairment with deficiencies in thinking and mood, that his anxiety and depression affected his ability to function independently and effectively in many situations, and that he had extreme difficulty in adapting to stressful circumstances, including anything in a work life setting. She also stated that the Veteran had difficulty in maintaining relationships. 

The Veteran was afforded a VA examination in connection with his claim in July 2019. The examiner found that the Veteran had PTSD, opining that he had occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation. She noted that the Veteran’s symptoms included depressed mood, anxiety, chronic sleep impairment, disturbance of motivation and mood, and difficulty in establishing and maintaining effective work and social relationships. Mental status examination showed that the Veteran was casually dressed and well groomed, was cooperative and attentive with normal psychomotor and speech, and his mood was euthymic with a congruent affect. He denied suicidal and homicidal ideations, he had no hallucinations or delusions, he was alert and oriented, and his judgment and insight were good. 

Resolving reasonable doubt in the Veteran’s favor, the Board finds that the Veteran’s PTSD has been causative of occupational and social impairment with deficiencies in most areas since August 18, 2018, but that it has not been causative of total occupational and social impairment. Dr. B. opined that the Veteran had occupational and social impairment with deficiencies in thinking and mood, that his anxiety and depression affected his ability to function independently and effectively, and that he had extreme difficulty in adapting to stressful circumstances. Each of these symptoms is consistent with a 70 percent rating. While the July 2019 examiner indicated that the Veteran had less severe symptoms, the evidence, at a minimum, gives rise to a reasonable doubt on the matter. 38 C.F.R. § 3.102. 

The Board further finds that a 100 percent schedular rating from August 18, 2018 is not warranted. The Veteran has never endorsed gross impairment in thought process or communication, grossly inappropriate behavior, a persistent danger of hurting himself or others, disorientation to time or place, or memory loss for names of close relatives, his own occupation, or his name, or symptoms or similar duration, frequency, and severity. While some evidence of record prior to August 18, 2018 indicates that the Veteran is unable to work due to his psychiatric impairments, there is no evidence of record which indicates that his PTSD causes total social impairment. A 100 percent rating for PTSD from August 15, 2018 is therefore not warranted. 

Resolving all reasonable doubt in favor of the Veteran, a rating of 70 percent, but no higher, from August 15, 2018 for PTSD is granted. 

REASONS FOR REMAND

Entitlement to an initial compensable rating for PTSD prior to August 15, 2018 

As noted above, in its July 2019 rating decision, the agency of original jurisdiction (AOJ) granted service connection for PTSD and assigned a 50 percent rating from August 15, 2018. In light of that award and the findings herein, and in order to avoid any possibility of prejudice, the matter of his entitlement to a compensable rating for PTSD prior to August 15, 2018 must be remanded for AOJ consideration in the first instance. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993).

This matter is REMANDED for the following action:

Adjudicate the issue of the Veteran’s entitlement to a compensable rating for PTSD prior to August 15, 2018.

 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Oldroyd, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.