KASOLD, Judge,
concurring:
Mr. Criswell additionally argues that his August 1945 application, in conjunction with his claims file, supporting documents, and testimony, constitutes a claim for service connection for cold-weather residuals, which the 1947 VA regional office (RO) failed to process, leaving it unadjudicated until the July 1999 grant. See App. Supp. Br. at 3-4. Although this argument is not addressed in the Court’s opinion, I note that it is properly brought in a request for revision on the basis of clear and unmistakable error (CUE) and, furthermore, it should have been raised below and not for the first time on appeal. See Deshotel v. Nicholson, 457 F.3d 1258, 1261-62 (Fed.Cir.2006) (argument that RO failed to address all claims presented is properly brought as request for revision on the basis of CUE); Andrews v. Nicholson, 421 *505 F.3d 1278, 1281 (Fed.Cir.2005) (holding that the RO’s failure to address an implied claim “is properly challenged through a CUE motion”); Jarrell v. Nicholson, 20 Vet.App. 326, 332 (2006) (en banc) (holding that a motion for revision on the basis of CUE in final RO decision must be presented to and adjudicated by the RO in order for the Board and the Court to review the matter on the merits); cf. Andre v. Principi, 301 F.3d 1354, 1362 (Fed.Cir.2002) (holding that this Court had no jurisdiction to review appellant’s challenge to 1973 RO decision on CUE grounds that were “entirely separate and distinct claims that the Board’s decision [on appeal] had not addressed”).