Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7176

JERILYN JACKSON,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

Joan M. Stentiford, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7176

JERILYN JACKSON,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: November 8, 2007

_____

Before RADER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

The Court of Appeals for Veterans Claims ("Veterans Court") affirmed the decision of the Board of Veterans' Appeals ("Board") that Jerilyn A. Jackson was not entitled to an effective date earlier than April 1997 for her post-traumatic stress disorder ("PTSD"). <u>Jerilyn A. Jackson v. Nicholson</u>, No. 04-2037 (Vet. App. Jan. 12, 2007). Because the Veterans Court correctly affirmed the Board's decision, this court affirms.

Ms. Jackson served in the United States Army from November 26, 1969 to September 3, 1970. At the Veterans' Affairs Regional Office ("VARO") in October 1993, Ms. Jackson filed claims for a nervous condition, sexual harassment, and additionally sought a non-service connected pension. In June 1994, the VARO denied Ms. Jackson's claims without specifically mentioning the sexual harassment claim. In October 1994, Ms. Jackson filed a Notice of Disagreement ("NOD") only with respect to her non-service connected pension claim. In the NOD, Ms. Jackson did not request a review of her claims for a nervous condition and sexual harassment.

In April 1997, Ms. Jackson filed an informal claim for psychological disability based on sexual incidents. The VARO interpreted Ms. Jackson's informal submission as a claim for PTSD. In January 1998, the VARO denied Ms. Jackson's claims due to no PTSD diagnosis. Subsequently, Ms. Jackson filed a NOD regarding the VARO's decision and then received a Statement of the Case ("SOC") from the VARO. Ms. Jackson thereafter appealed.

In the meantime, on May 2, 2000, Ms. Jackson provided the VARO with counselor information regarding her treatment for PTSD. As a result, the VARO awarded her a service connection for PTSD with an effective date of May 2, 2000. Ms. Jackson filed a NOD and an additional statement asserting her entitlement to an earlier effective date of October 1993. Eventually, the VARO issued a Supplemental Statement of the Case ("SSOC") concluding that Ms. Jackson was not entitled to an effective date of 1993. On September 14, 2004, the Board resolved doubt in favor of Ms. Jackson and found an effective date of April 1997 for her service connected PTSD.

Ms. Jackson appealed the Board's decision to the Veterans Court to obtain an effective date of October 1993 for her service connected PTSD. The Veterans Court affirmed the Board's decision. The Veterans Court stated "[e]ven assuming that [Ms. Jackson's] October 1993 claim for a nervous condition and sexual harassment could be construed as a claim for PTSD, because the veteran had not filed a motion for revision based on clear and unmistakable error ("CUE") the Court does not have jurisdiction over such claim." Jerilyn A. Jackson v. Nicholson, No. 04-2037 (Vet. App. Jan. 12, 2007) (citing Deshotel v. Nicholson, 457 F.3d 1258, 1261-62 (Fed. Cir. 2006)). Further, the Veterans Court determined the earliest possible effective date is April 1997 without a collateral attack on the June 1994 VARO decision before it. Id.

II

This court has exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof by the Veterans Court and "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(a), (c). In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions . . . and set aside any regulation or interpretation thereof (other than a determination as to a factual matter) that was relied upon" by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitation, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C § 7292(d).

Further, this court reviews questions of statutory interpretation de novo. <u>See</u> <u>Smith v. Brown</u>, 35 F.3d 1516, 1517 (Fed. Cir. 1994).

III

On appeal, Ms. Jackson contends the notice provisions of § 5104(b) require the VARO to provide an explicit reason for denial of a claim. Ms. Jackson then proffers a general argument based on the pro-claimant nature of the veterans' compensation system. <u>See</u> <u>Hodge v. West</u>, 155 F.3d 1356, 1362 (Fed. Cir. 1998). Lastly, Ms. Jackson questions this court's decision in <u>Deshotel v. Nicholson</u>, 457 F.3d 1258 (Fed. Cir. 2006) by contending that this court failed to address the pro-claimant nature of the VA's benefits system and whether the "deemed denial" of a claim comports with the § 5104 notice provisions. In <u>Deshotel</u>, this court noted that even if the VARO does not specifically address a claim, that "second claim is deemed denied, and the appeal period begins to run." <u>Id.</u> at 1261. In essence, Ms. Jackson asks this court to overrule <u>Deshotel</u> in view of the § 5104 notice provision, vacate the Veterans Court's order, and remand with directions to reopen the nervous condition and sexual harassment claims as an implied PTSD claim.

The Government contends that the sexual harassment claim standing alone is not recognized as an independent claim under the statutes governing veterans' benefits. Therefore, Ms. Jackson's sexual harassment claim could not result in a compensable injury with respect to the VA benefits system. The sexual harassment claim is only relevant as possible support for a PTSD claim in conjunction with Ms. Jackson's claimed service-connected nervous disorder. However, the VARO's 1994 negative decision on the nervous disorder claim became final when Ms. Jackson failed to appeal this

decision to the Board. As such, the Government contends that any reasonably implied claim for PTSD based on Ms. Jackson's 1993 claim submission to the VARO was final in 1994. The Government, citing Deshotel, 457 F.3d at 1261, also proffers that the sexual harassment claim is deemed denied even though the VARO decision did not specifically address that claim. Because, like the veteran in Deshotel, Ms. Jackson did not file a timely appeal on the VARO decision as clear and unmistakable error ("CUE"), the effective date of her PTSD claim cannot be 1993.

The Government also contends that Ms. Jackson mischaracterizes the notice provision of § 5104(b) by claiming the notice must be explicit. The Government argues that Ms. Jackson was reasonably on notice that even an implied PTSD claim based on a nervous condition and sexual harassment was denied. The sexual harassment claim and the nervous disorder claim had to be connected to each other to reasonably justify an implied PTSD claim based on Ms. Jackson's later filed assertions connecting her sexual trauma to her mental condition.

IV

The Veterans Court properly affirmed the Board's decision. In this case, the VARO properly denied Ms. Jackson's October 1993 claim for a nervous condition but did not mention her claim for sexual harassment. The sexual harassment claim standing alone is not a compensable injury in the context of the veterans' benefit system, as it is not a claim for a disability arising out of military service. To the extent that her nervous condition was caused by the alleged sexual harassment, the sexual harassment claim was implicitly denied when the Board explicitly denied the nervous condition claim. Thereafter, Ms. Jackson did not appeal the VARO's decision with

respect to the nervous condition or sexual harassment claims nor file a CUE claim seeking to reopen the decision. Thus, both these claims became final. See Cook v. Principi, 318 F.3d 1334, 1340 (Fed. Cir. 2002); Deshotel, 457 F.3d at 1261. Therefore, any subsequent claims to the VA could not rely on Ms. Jackson October 1993 claims to support an October 1993 effective date. Clearly, Ms. Jackson was properly notified with respect to an implied, but unspecified, PTSD claim based on her nervous condition and sexual harassment claims when the nervous disorder claim was definitively denied. Therefore, the VARO complied with § 5104 with respect to a possibly implied PTSD claim encompassed in Ms. Jackson's October 1993 claim. As such, the Veterans Court's affirmance of the Board's decision to set April 1997 as the earliest effective date for Ms. Jackson's PTSD claim is correct based on Ms. Jackson's informal PTSD claim filed in April 1997.