Satya NEWDAY, Appellant,

v.

James B. PEAKE, M.D., Secretary
of Veterans Affairs, Appellee.

No. 06–1801.

United States Court of Appeals
for Veterans Claims.

Nov. 5, 2008.

Virginia A. Girard–Brady, ABS Legal
Advocates LLC, Lawrence, KS, for Appel-
lant.

Paul J. Hutter, General Counsel, R.
Randall Campbell, Assistant General
Counsel, Edward V. Cassidy, Jr., Deputy
Assistant General Counsel, Deborah A.
Hoet, Appellate Attorney, Office of the
General Counsel, U.S. Department of Vet-
erans' Affairs, Washington, DC, for the
Appellee, Secretary of Veterans' Affairs.

**JOINT MOTION FOR REMAND**

WILLIAM A. MOORMAN, Judge.

Pursuant to U.S. Court of Appeals for
Veterans Claims Rules 27(a) and 45(g),
Appellant, Satya Newday, and Appellee,
James B. Peake, M.D., Secretary of Veter-
ans Affairs, by and through their respec-
tive counsel, respectfully move this Court
to issue an order vacating, and remanding
the September 21, 2005, decision of the
Board of Veterans' Appeals (Board) that
denied entitlement to an effective date pri-

or to November 30, 2000 for a grant of service connection for tinnitus. R. at 1–11.

For the purposes of this remand only, the parties accept the statement of facts as presented in the Board decision, unless otherwise noted.

## BASIS FOR REMAND

The parties agree that this matter should be remanded because the Board did not provide an adequate statement of reasons and bases for its determinations.

■ The law requires the Secretary to "give a sympathetic reading to the veteran's filings by 'determining all potential claims raised by the evidence, applying all relevant laws and regulations.'" *Szemraj v. Principi,* 357 F.3d 1370, 1373 (Fed.Cir. 2004) (quoting *Roberson v. Principi,* 251 F.3d 1378, 1384 (Fed.Cir.2001)). Moreover, "the Board is required to adjudicate all issues reasonably raised by a liberal reading of the appellant's substantive appeal, including all documents and oral testimony in the record prior to the Board's decision." *Brannon v. West,* 12 Vet.App. 32, 34 (1998); *see also Solomon v. Brown,* 6 Vet.App. 396 (1994).

A claim of entitlement to VA benefits may be either a formal or an informal written communication requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2008). Any communication or action indicating intent to apply for one or more VA benefits may be considered an informal claim. 38 C.F.R. § 3.155 (2008). VA is required to identify and act on informal claims for benefits. 38 U.S.C. § 5110(b)(3); 38 C.F.R. §§ 3.1(p), 3.155(a).

■ The law is well established that intent to apply for benefits is an essential element of any claim, whether formal or informal, and that such intent must be communicated in writing. *See MacPhee v.*

*Nicholson,* 459 F.3d 1323, 1326–27 (Fed. Cir.2006) (holding that the plain language of the regulations requires a claimant to have an intent to file a claim for VA benefits); *Brannon,* 12 Vet.App. at 35, (holding that before VA can adjudicate a claim for benefits, "the claimant must submit a written document identifying the benefit and expressing some intent to seek it"). The determination of whether an informal claim has been filed is a substantially factual determination that the Court reviews under the "clearly erroneous" standard of review. *See* 38 U.S.C. § 7261(a)(4); *Ellington v. Nicholson,* 22 Vet.App. 141 (2007); *Criswell v. Nicholson,* 20 Vet.App. 501, 504 (2006).

The Federal Circuit Court held in *Deshotel v. Nicholson,* 457 F.3d 1258, 1261 (Fed.Cir.2006) that "Where the veteran files more than one claim with the RO at the same time, and the RO's decision acts (favorably or unfavorably) on one of the claims but fails to specifically address the other claim, the second claim is deemed denied and the appeal period begins to run." However, this Court in *Ingram v. Nicholson* 21 Vet.App. 232, 246 (2007) interpreted *Deshotel* as having a more limited application.

During his military service, Appellant was treated for tinnitus and hearing loss. Supplemental Record on Appeal at 1–5. Upon separation from military service in 1973, Appellant made application for disability compensation for hearing loss. R. at 18–19. In his application Appellant stated, "Hearing loss first time check for loss Sept. 1970." *Id.* In the VA April 1973 VA examination, the examiner noted that Appellant suffered from "hearing loss secondary to acoustical trauma, with tinnitus, see ENT evaluation." R. at 29. In a May 1973 Rating decision, Appellant's claim for hearing loss was granted and he was awarded a 10 percent disability rating with

an effective date of January 5, 1973. R. at 37. The 1973 Rating Decision did not make any reference to tinnitus. *Id.*

In 1992, Appellant submitted a claim for an increased disability rating for his service-connected hearing loss. R. at 64. Appellant was afforded a VA audiology examination on June 16, 1992. R. at 75. On the audiology examination report is a handwritten notation of a change in the testing tone from steady to pulsed. *Id.*

On June 26, 1992, in support of his claim for an increased disability rating for his hearing loss, Appellant submitted a letter to the Regional Office explaining how his poor hearing has affected his life. R. at 79–81. In the letter he also mentioned that he had advised the VA audiologist that he had ringing in his ears during the test which resulted in the audiologist changing the testing tone from steady to pulsed. R. at 80. The Rating Decision of November 1992 denied Appellant's claim for an increased rating for his hearing disability and did not make any reference to tinnitus. R. at 84–85.

After submitting a claim for an increased disability rating for his service-connected hearing loss in November 2001, Appellant was examined and the VA audiologist noted that Appellant had tinnitus. R. at 150. In an October 2002 Rating Decision, Appellant was granted service connection for tinnitus without application, with an effective date of November 30, 2000. R. at 160–163. Appellant appealed the effective date of his service connection award. R. at 173.

In the BVA decision on appeal, the Board denied Appellant's claim for an effective date prior to November 30, 2000, on the basis that "the record does not contain any statement or action indicating an intent to file a claim of entitlement to service connection for tinnitus. Prior to that date, the veteran had never even mentioned the disorder in any of his submissions to VA." R. at 9.

The parties agree that remand is warranted for an adequate statement of reasons and bases to determine if Appellant reasonably raised a claim for service-connected benefits for tinnitus in the January 1973 application for benefits or in the June 1992 correspondence to VA, considering all the documents and oral testimony, in the context of the entire record.

If upon readjudication, the Board concludes that there was a reasonably raised claim for service-connected benefits for tinnitus as to either the 1973 or 1992 claims, the parties also agree that in determining the appropriate effective date for Appellant's grant of tinnitus, the decisions of *Deshotel* and *Ingram,* both *supra,* should be considered. The Board should determine whether there was a pending unadjudicated claim for tinnitus prior to September 30, 2000, and if so, whether that claim was deemed denied in either the 1973 or 1992 Rating Decisions.

The parties also agree that remand is warranted for consideration of the application of 38 C.F.R. § 3.157(b), taking into account that tinnitus as a result of acoustic trauma was not a disability subject to compensable service connection until 1976, but was subject to a noncompensable rating prior to that time. *See* 38 C.F.R. Part 4, Diagnostic Code 6260 (1973).

Upon remand, Appellant will be free to submit additional evidence and argument on the questions at issue, and the Board may "seek any other evidence it feels is necessary" to the timely resolution of the Appellant's claim. *See Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991) and *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). Before relying on any additional evidence developed, the Board should ensure that Appellant is given notice thereof and an

opportunity to respond thereto. *See Thurber v. Brown,* 5 Vet.App. 119 (1993); *Austin v. Brown,* 6 Vet.App. 547 (1994).

The law requires that "expeditious treatment" be afforded to all claims remanded by the Court or Board. *See* Veterans' Benefits Improvement Act, Pub.L. No. 103–446. § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note); *See Drosky v. Brown,* 10 Vet.App. 251, 257 (1997); *Allday v. Brown,* 7 Vet.App. 517, 533–34 (1995).

Finally, on remand the Board must comply with all provisions of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 114 Stat. 2096 (VCAA) including the duty to notify appellant of the information and evidence necessary to substantiate his claim. *See Huston v. Principi,* 17 Vet.App. 195 (2003); *Nolen v. Gober,* 14 Vet.App. 183 (2000) (*per—curiam* order) (issue as to whether duty to assist was complied with involves making factual determinations that should be made by Board in first instance).

## CONCLUSION

**WHEREFORE,** the parties respectfully request that the Court enter an order vacating and remanding the September 25, 2005 decision of the Board, for development and readjudication consistent with the contents of this motion, applicable statutory and regulatory provisions, and decisions of this Court.