﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190502-11778
DATE: August 29, 2019

ORDER

Entitlement to an effective date prior to March 3, 2015 for the grant of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) on the basis of clear and unmistakable error (CUE) in a July 2015 rating decision is denied.

FINDING OF FACT

1. The Veteran’s August 2004 claim for service connection included an implicit claim for entitlement to TDIU.

2. In a June 2005 rating decision, the Agency of Original Jurisdiction (AOJ) implicitly denied entitlement to TDIU; the Veteran did not appeal that decision.

3. The August 2004 implicit claim for TDIU was not pending at the time of the July 2015 rating decision.

4. In a July 2015 rating decision, the Agency of Original Jurisdiction (AOJ) granted entitlement to TDIU; the Veteran did not appeal that decision.

5. The July 2015 rating decision did not include an undebatable error which, had it not been made, would have manifestly changed the outcome of the decision.

CONCLUSION OF LAW

The July 2015 rating decision was not clearly and unmistakably erroneous. 38 U.S.C. § 5109A; 38 C.F.R. §§ 3.105(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in April 2019 and the modernized review system is applicable. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2400(a)(1)).

The Veteran served on active duty from June 1964 to March 1966.

The Veteran has separately appealed a July 2019 rating decision also related to the effective date assigned for entitlement to TDIU. That appeal is addressed in a separate Board decision under Docket Number 190716-13786. 

1. CUE in a July 2015 Rating Decision

The Veteran, through his attorney, argues that a July 2015 rating decision included CUE because it failed to adjudicate an implicit claim for extraschedular TDIU included in the Veteran’s initial August 2004 claim for service connection for prostate cancer and the claim for TDIU remained open and unadjudicated since that time. See January 2019 and May 2019 Representative letter.

There is a three-pronged test for CUE: (1) either the correct facts, as they were known at the time, were not before the adjudicator, or the statutory/regulatory provisions extant at that time were not correctly applied; (2) the error must be “undebatable” and of the sort “which, if it had not been made, would have manifestly changed the outcome at the time it was made;” (3) a determination that there was CUE must be based on the record and law that existed at the time of the adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994), citing Russell v. Principi, 3 Vet. App. 310, 313-14 (1992) (en banc). 

In this regard, the Board emphasizes that CUE is a very specific and rare kind of “error.” It is the kind of error of fact or of law that, when called to the attention of later reviewers, compels the conclusion, with which reasonable minds could not differ, that the result would have been manifestly different but for the error. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993). It is not mere misinterpretation of facts. Oppenheimer v. Derwinski, 1 Vet. App. 370, 372 (1991). 

A claim of CUE is a collateral attack on an otherwise final rating decision by a VA regional office. Smith v. Brown, 35 F. 3d 1516, 1527 (Fed. Cir. 1994). As such, there is a presumption of validity that attaches to a final decision, and when such a decision is collaterally attacked the presumption becomes even stronger. Fugo, 6 Vet. App. at 44. Therefore, a claimant who seeks to obtain retroactive benefits based on CUE has a much heavier burden than that placed on a claimant who seeks to establish prospective entitlement to VA benefits. Akins v. Derwinski, 1 Vet. App. 228, 231 (1991).

Turning to the Veteran’s arguments, citing Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001), the Veteran asserts that along with his August 2004 claim for service connection for prostate cancer, he provided evidence of his medical disability and evidence of unemployability and was therefore entitled to consideration of his implied claim for TDIU. The Board agrees. 

In his August 2004 claim for service connection the Veteran provided treatment records pertaining prostate cancer, along with a statement that he had worked for the Federal Government for 20 years and had taken an early retirement due to the severe incontinence that developed as a result of his prostate cancer. As such, the Veteran’s August 2004 claim for service connection included an implicit claim for TDIU. See Roberson v. Principi, 251 F.3d at 1380.

However, prior to the July 2015 rating decision on appeal, the AOJ adjudicated the Veteran's claim for service connection in a June 2005 rating decision. As such, the Board must consider the implicit denial doctrine. 

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held if VA fails to adjudicate a claim, whether formal or informal, and fails to notify the claimant of the denial, that claim remains pending until it is finally adjudicated. See Adams v. Shinseki, 568 F.3d 956, 960 (Fed. Cir. 2009); Cook v. Principi, 318 F.3d 1334, 1340 (Fed. Cir. 2002) (en banc). 

In Andrews v. Nicholson, 421 F.3d 1278, 1284 (Fed. Cir. 2005), also cited by the Veteran in support of his claim, the Federal Circuit specifically held that “when the VA violates Roberson by failing to construe the veteran’ s pleadings to raise a claim, such claim is not considered unadjudicated, but the error is instead properly corrected through a CUE motion.” 

The Federal Circuit subsequently held that when a claimant files more than one claim at the same time, if the agency of original jurisdiction (AOJ) acts on one of the claims but fails to specifically address the other, the second claim is deemed denied and the appeal period begins to run. Deshotel v. Nicholson, 457 F.3d 1258, 1261 (Fed. Cir. 2006).

The United States Court of Appeals for Veterans Claims (Court), for its part, has held that, for a claim to be deemed denied, there must be a recognition of the substance of the claim in a decision from which the claimant could reasonably deduce that the claim had been adjudicated, or an explicit subsequent adjudication of a claim for the same disability. Ingram v. Nicholson, 21 Vet. App. 232, 255 (2007). In Ingram, the Court interpreted Deshotel and Andrews to stand for the proposition that, where a rating decision discusses a claim in terms sufficient to put the claimant on notice that it was being considered and rejected, then it constitutes a denial of that claim even if the formal adjudicative language does not “specifically” deny that claim. Id. The key question in the implicit denial inquiry is whether it would be clear to a reasonable person that VA’s action that expressly refers to one claim is intended to dispose of others as well. Adams, 568 F.3d at 962-963.

Later, in Cogburn v. Shinseki, 24 Vet. App. 205 (2010), the Court enumerated four factors that must be considered when determining whether a claim was implicitly denied: (1) “The relatedness of the claims”; (2) “whether the adjudication alluded to the pending claim in such a way that it could reasonably be inferred that the prior claim was denied”; (3) “the timing of the claims”; and (4) whether “the claimant is represented.” Id. at 212-14.

In determining whether a veteran’s claim was previously adjudicated, the key question is whether sufficient notice was provided to the veteran that would allow him to reasonably understand that he would not be awarded benefits for the disability asserted in his pending claim and thus decide for himself whether to accept the decision or seek redress elsewhere. Jones v. Shinseki, 619 F.3d 1368, 1373 (Fed. Cir. 2010), 568 F.3d at 965 (“[T]he implicit denial rule is, at bottom, a notice provision.”). 

The award of a disability rating less than 100% generally provides notice as to how the Secretary has rated a claimant’s condition and serves as a final decision, if unappealed, with regard to entitlement to any higher disability rating associated with the underlying disability, including TDIU. See Locklear v. Shinseki, 24 Vet. App. 311, 316 (2011), citing Ingram, 21 Vet. App. at 248)).

The Board finds that the Cogburn factors weighs in favor a finding of implicit denial of the implicit claim for extraschedular TDIU in the June 2005 rating decision.

Here, the Veteran’s August 2004 claim specifically asserted that he has stopped working due at least in part to the incontinence resulting from prostate cancer, for which he was claiming service connection, hence the claims are related.

The June 2005 rating decision did not explicitly address the Veteran’s implied claim for TDIU but granted service connection for prostate cancer and assigned a 40 percent disability rating; the Veteran did not disagree with the assigned rating. As such, the June 2005 rating decision provided the Veteran with sufficient notice that he was not entitled to a higher disability rating associated with the underlying disability and the Veteran could have reasonably inferred his implicit claim was implicitly denied by the June 2005 rating decision. See Locklear, 24 Vet. App. at 316.

Considering the third factor, as the claim for extraschedular TDIU was implicit in the claim for service connection for prostate cancer, the claims were de facto filed simultaneously. And, finally, at the time of the June 2005 rating decision, the Veteran was represented by the American Legion. See February 1967 VA Form 21-22.

As a result, upon consideration of the Cogburn factors as applied to the facts of this case, the Board finds that the June 2005 rating decision implicitly denied the Veteran’s claim for entitlement to TDIU. Therefore, the claim for TDIU implicit in the Veteran's August 2004 claim for service connection for prostate cancer was adjudicated in the June 2005 rating decision and was not pending at the time of the July 2015 rating decision. Consequently, the Veteran has failed to show an undebatable error which, if it had not been made, would have manifestly changed the outcome at the time it was made. The Board, therefore, must find that the Veteran cannot prevail on his allegation of CUE in the July 2015 rating decision. See Russell, 3 Vet. App. at 313-14; Damrel, 6 Vet. App. at 246.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Mine, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.