﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200115-54986
DATE: November 30, 2020

ORDER

Entitlement to an initial rating in excess of 70 percent for posttraumatic stress disorder (PTSD) with alcohol and cocaine dependence is granted.

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is dismissed.

FINDINGS OF FACT

1. The Veteran’s PTSD with alcohol and cocaine dependence is characterized by such symptoms as delusions, hallucinations, anxiety, depression, impaired memory and judgment, and neglect of personal appearance and hygiene. 

2. The Veteran has a total schedular rating for PTSD and has no other service-connected disabilities.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an initial rating of 100 percent for posttraumatic stress disorder with alcohol and cocaine dependence have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.3, 4.7, 4.130, Diagnostic Code (DC) 9411. 

2. Entitlement to TDIU is moot and is dismissed. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 4.14, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1980 to February 1982. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). In the January 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to an initial rating in excess of 70 percent for posttraumatic stress disorder with alcohol and cocaine dependence

The Veteran seeks an initial disability rating in excess of 70 percent for his PTSD with alcohol and cocaine dependence. He has been granted a 70 percent rating effective January 13, 2016 for his PTSD. He asserts this disability results in a greater degree of impairment, and a higher evaluation is therefore warranted. 

Disability evaluations are based upon the average impairment of earning capacity as contemplated by the schedule for rating disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the Veteran's condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). In adjudicating increased rating claims, the level of disability in all periods since the effective date of the grant of service connection must be taken into account, to include the possibility that a staged rating may be assigned. Hart v. Mansfield, 21 Vet. App. 505 (2007). As such, the Board will consider whether staged ratings are appropriate to the pending appeals. In cases in which a reasonable doubt arises as to the appropriate degree of disability to be assigned, such doubt shall be resolved in favor of the Veteran. 38 C.F.R. § 4.3. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. 38 C.F.R. § 4.7. 

PTSD is rated under Diagnostic Code (DC) 9411, which is evaluated under the General Rating Formula for Mental Disorders. 38 C.F.R. § 4.130. The General Rating Formula for Mental Disorders provides that a 10 percent disability rating is warranted for occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or the symptoms are controlled by continuous medication. 

A 70 percent disability rating is warranted for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgement, thinking, or mood, due to symptoms such as: suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); or inability to establish and maintain effective relationships.

A 100 percent disability rating is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation, or own name. 38 C.F.R. § 4.130, Diagnostic Code 9411. 

In evaluating psychiatric disorders, the Board is mindful that the use of the term “such as” in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve only as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002). In Vazquez-Claudio v. Shinseki, 713 F.3d 112, 117 (2013), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that VA “intended the General Rating Formula to provide a regulatory framework for placing veterans on a disability spectrum based upon their objectively observable symptoms.” The Federal Circuit stated that “a veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration.” It was further noted that “§ 4.130 requires not only the presence of certain symptoms but also that those symptoms have caused occupational and social impairment in most of the referenced areas.” 

After considering the totality of the record, the Board finds the evidence in relative equipoise. VA treatment records from 2016 to the present indicate the Veteran has struggled with substance abuse, homelessness, unemployment, and incarceration. In June 2016 he was admitted to a VA substance abuse treatment program on an inpatient basis. He reported he was previously living in his vehicle, having previously lived with friends or relatives. Since that time, he has spent time in jail on at least two occasions, was fired from at least one job after less than 30 days, and continued to struggle with substance abuse. 

Furthermore, a recent August 2019 VA psychiatric examination noted such symptoms as impaired memory and judgment, anxiety, depression, difficulty in establishing and maintaining work and social relationships, persistent delusions or hallucinations, and neglect of personal appearance and hygiene. A suicide attempt in the past two years was also reported by the Veteran. In light of these findings, the Board concludes the evidence demonstrates total social and occupational impairment. Thus a 100 percent rating is warranted for the entirety of the appeals period. 

 

2. Entitlement to a TDIU

The Veteran seeks a TDIU. He asserts that his service-connected disability prevents him from being able to maintain employment. In its August 2019 rating decision, the RO declined to adjudicate the Veteran’s pending TDIU claim, finding deferral was proper pending receipt of a formal claim, signified by a completed VA Form 21-8940 Veteran’s Claim for Increased Compensation Based on Unemployability. In Rice v. Shinseki [22 Vet. App. 447 (2009)], the Court held that a TDIU claim is part of an increased rating claim when such claim is raised by the record. The Court essentially stated that a request for a total disability rating-whether expressly raised by a Veteran or reasonably raised by the record-is not a separate claim for benefits, but rather involves an attempt to obtain an appropriate rating for a disability as part of a claim for increased compensation. Id. at 453-54. As such, the August 2019 deferral by the RO of the Veteran’s TDIU claim amounts to an implicit denial of the benefit sought. See Deshotel v. Nicholson, 457 F. 3d 1258 (Fed. Cir. 2006). Moreover, the Veteran and his representative properly filed a timely January 2020 VA Form 10182, Decision Review Request: Board Appeal, wherein the Veteran disagreed with the denial of a TDIU and elected the Direct Review docket. On the basis of these facts, the Board finds the issue of entitlement to a TDIU to be properly before the Board at this time. 

Based on the Board’s action above, the Veteran’s service-connected PTSD is rated 100 percent disabling from January 13, 2016. The U.S. Court of Appeals for Veterans Claims (Court) has recognized that a 100 percent rating under the Schedule for Rating Disabilities indicates that a veteran is totally disabled. Holland v. Brown, 6 Vet. App. 443, 446 (1994). Therefore, the issue of entitlement to TDIU is moot. See Herlehy v. Principi, 15 Vet. App. 33, 35 (2001) (finding a request for TDIU moot where 100 percent schedular rating was awarded for the same period).

The Board acknowledges that an award of TDIU could still be permissible concurrently with a 100 percent schedular rating assignment in a case where the TDIU is shown to be solely due to disability other than that contemplated by the total rating assignment. See Bradley v. Peake, 22 Vet. App. 280 (2008). Such is not the case in the present appeal, however. The Veteran has, to date, been granted service connection for a sole disability, PTSD, and thus a TDIU on any other basis is not possible. As such, the Veteran’s pending TDIU claim is rendered moot, and is dismissed. 

 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Thomas D. Jones, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.