NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**YOKO CAREY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Defendant-Appellee*

———————————————

2023-2014

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-5558, Judge Amanda L. Meredith.

———————————————

Decided:  June 6, 2025

———————————————

KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS, for claimant-appellant.

EMMA E. BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Timothy M. Carey served on active duty in the U.S. Army from December 1965 to December 1968, the service including a 16-month tour in Vietnam. In January 1971, he submitted a claim to what is now the Department of Veterans Affairs (VA) for disability benefits based on an allegedly service-connected "nervous condition." *Carey v. McDonough*, No. 21-5558, 2023 WL 2534100, at \*1 (Vet. App. Mar. 16, 2023) (*Decision*). A VA neuropsychiatrist diagnosed Mr. Carey with an "inadequate personality," and in July 1971, VA denied him disability benefits because an "inadequate personality . . . is not a disability under the law." *Id.* Mr. Carey did not press an appeal of that decision. Later, he was diagnosed with post-traumatic stress disorder (PTSD) and began receiving benefits, effective October 28, 1991.

In September 2017, Mr. Carey filed a request with the relevant VA regional office (RO), under 38 U.S.C. § 5109A, for revision of the July 1971 decision based on allegations of clear and unmistakable error (CUE). After the RO denied Mr. Carey's request twice, he appealed to the Board of Veterans' Appeals (Board). Before the Board issued its decision, Mr. Carey passed away, and his surviving spouse Yoko Carey was substituted as the claimant. In April 2021, the Board ruled that the 1971 decision implicitly denied Mr. Carey benefits for his nervous condition and rejected the allegations of CUE. In March 2023, the Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's ruling. *Id.* We now affirm.

# I

## A

Mr. Carey, who received a Purple Heart and other decorations for his active-duty service, applied on January 6, 1971, for disability benefits for a service-connected "nervous condition" and multiple burns. J.A. 21; J.A. 22–25. A February 1971 VA neuropsychiatric examination produced a diagnosis of "inadequate personality." J.A. 26–27 (capitalization normalized). On July 19, 1971, the relevant RO denied Mr. Carey's claim, noting that inadequate personality was a "[c]onstitutional or developmental abnormality" and therefore "not a disability under the law." J.A. 27; *see* 38 C.F.R. § 3.303(c).

Mr. Carey sent VA a notice of disagreement on November 23, 1971, challenging VA's denial of a "disability award on [his] nervous condition." J.A. 28. On December 30, 1971, the RO sent Mr. Carey a statement of the case, describing the claim as one of "[s]ervice connection for a nervous condition." J.A. 29–32. In that document, VA stated that "service connection for the claimed condition was properly denied," explaining that Mr. Carey's medical records "reflect[ed] no indication of . . . a neurotic or psychotic condition while in service nor . . . any evidence to indicate the existence of a psychosis to a compensable degree within one year following separation from service" and that Mr. Carey's "personality difficulty is considered a congenital or developmental abnormality and not a disability under VA regulations." J.A. 32. Mr. Carey did not submit a substantive appeal according to VA procedures, so on October 19, 1972, his case was closed, and VA's July 1971 rating decision became final. J.A. 29–30; J.A. 103; *see* 38 C.F.R. §§ 3.104(a), 19.52(b), 20.1103.

In August 1975, Mr. Carey notified VA that he had been receiving VA medical treatment since 1968 for his nervous condition and requested that this evidence be considered for his entitlement to benefits. *Decision*, at *1.

On December 22, 1975, VA informed Mr. Carey that this evidence "d[id] not warrant any change" to its earlier denial of benefits. *Id.* In October 1984, Mr. Carey requested that VA reopen a claim for benefits for PTSD. *Id.* at *2. He underwent a VA psychiatric evaluation and was diagnosed with chronic alcoholism, a history of substance abuse, and passive-aggressive personality disorder. *Id.* VA again denied Mr. Carey benefits, this time because he had not been diagnosed with PTSD or another compensable disability. *Id.*

On October 28, 1991, Mr. Carey again sought disability benefits. J.A. 39. A VA examination in April 1992 produced a diagnosis of PTSD. J.A. 39. On June 8, 1992, VA granted Mr. Carey disability benefits for service-connected PTSD, assigning him an initial rating of 50%, effective October 28, 1991. J.A. 39–41. On February 5, 2007, Mr. Carey's PTSD disability rating was increased to 70%, effective July 7, 2006, and he was later assigned an entitlement to individual unemployability, also effective July 7, 2006. J.A. 42–47; J.A. 48–50.

B

On September 14, 2017, Mr. Carey filed a request with VA under 38 U.S.C. § 5109A, seeking revision of VA's July 1971 decision based on allegations of CUE, all related to VA's denial of benefits for his nervous condition. *See* J.A. 51–60. A month later, VA denied the request. J.A. 61–64. On February 27, 2018, Mr. Carey filed a notice of disagreement contesting VA's denial, J.A. 65–72, and on October 24, 2018, Mr. Carey opted into VA's Rapid Appeals Modernization Program, seeking a higher-level review of the denial, J.A. 73; *see* Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55 § 4, 131 Stat. 1105, 1119–23 (2017). On January 29, 2019, the relevant RO denied the revision request. J.A. 74–81 (citing 38 C.F.R. §§ 4.125(a), 3.400, 3.155, 3.114).

Mr. Carey timely appealed that decision to the Board. J.A. 82–97. Mr. Carey died on July 17, 2020, J.A. 98, and Ms. Carey soon was substituted for him as the claimant, *see* J.A. 99–102; J.A. 103. On April 23, 2021, the Board denied the CUE request, as the RO had done. J.A. 103–19. The Board explained that although the RO in its July 1971 rating decision "did not explicitly deny a claim for a nervous condition," the RO did "state[] that service connection was not warranted for an inadequate personality," and the RO "implicitly denied the claim for a nervous condition to the extent that it denied service connection for an inadequate personality." J.A. 107.

Ms. Carey timely appealed the Board's decision to the Veterans Court. *Decision*, at *1. She argued that she need not meet the standard for relief based on CUE because VA had not actually denied Mr. Carey's claim for a nervous condition in its July 1971 rating decision, so the claim had never been finally adjudicated and in fact remained "pending and unadjudicated." *Id.* at *3. In support, Ms. Carey pointed to the fact that the record before the Board did not include VA's notice to Mr. Carey of its 1971 decision. *Id.*; *see also id.* at *4–5.

On March 16, 2023, the Veterans Court affirmed the Board's decision. *Id.* at *1. Relevant here, the Veterans Court determined that "the Board explicitly addressed whether the 1971 rating decision" was final when it "concluded that the RO implicitly denied the claim as part of its determination that an inadequate personality is not a disability under the law." *Id.* at *4. The Veterans Court also rejected Ms. Carey's reliance, for her argument that there was no relevant final decision in 1971, on the absence from the record of a VA notice letter regarding the RO's 1971 rating decision, pointing out that the record makes plain that Mr. Carey in fact filed a notice of disagreement challenging the rating decision. *Id.* at *5. Ms. Carey timely appealed to us. J.A. 15.

## II

Our authority to review decisions by the Veterans Court is "limited by statute." *Perciavalle v. McDonough*, 101 F.4th 829, 835 (Fed. Cir. 2024); *see generally* 38 U.S.C. § 7292. We have authority to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). "More specifically, we have jurisdiction 'to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute.'" *Bean v. McDonough*, 66 F.4th 979, 987 (Fed. Cir. 2023) (quoting *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004)). We have authority to address "relevant questions of law" that come within the foregoing language, 38 U.S.C. § 7292(d)(1), but when (as in the present matter) there is no constitutional issue presented, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," *id.* § 7292(d)(2).

Before this court, Ms. Carey takes issue only with the Veterans Court's conclusion affirming the Board's determination that there was a final decision in 1971 denying the nervous-condition claim. She makes what we view as two assertions that legal error underlies that affirmance. The assertions of legal error are within our jurisdiction to address on their merits. But we conclude that she has not shown legal error, whether the denial is viewed as an explicit denial or as an implicit denial.

First, Ms. Carey contends in effect that, as a matter of law, the Board may never find a final denial when the record does not contain a notice of denial. *See* Carey Opening Br. at 6–10. We see no ground for that asserted legal rule. Such a hole in the current agency record does

not establish that there was no notice (expressly stating or implicitly conveying the denial at issue), which might have been lost. As a logical matter, reflected in our precedents, the presumption of regularity together with other documentary evidence might adequately support a determination that a notice of decision was in fact given (even if the notice is no longer in the claims folder or otherwise findable). *See Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004); *Butler v. Principi*, 244 F.3d 1337, 1339–41 (Fed. Cir. 2001). The present case is illustrative, as it is undisputed that "the veteran filed [a notice of disagreement] seeking to appeal the denial of benefits for a nervous condition . . . and that the RO issued [a statement of the case] denying service connection for a nervous condition." *Decision*, at *5.

Second, Ms. Carey contends that "an explicitly raised claim cannot, as a matter of law, be implicitly denied by government action" but rather "must be explicitly denied by government action"—indeed, by government action compliant with the statement-of-reasons requirements of 38 C.F.R. § 3.103 (1971). Carey Opening Br. at 14 (emphases omitted); *see id.* at 8–10. We reject this contention. For one thing, we recently held that the absence of a notice providing explicit reasons for an implicit denial of a claim does not legally preclude a decision from becoming final, reasoning that it would "make[] little sense to require an express statement of reasons separately addressing a claim that is not itself explicitly discussed." *Steele v. Collins*, 135 F.4th 1353, 1361–62 (Fed. Cir. 2025). More generally, we have long recognized that "in certain circumstances, a claim for benefits will be deemed to have been denied, and thus finally adjudicated, even if [VA] did not expressly address that claim in its decision." *Adams v. Shinseki*, 568 F.3d 956, 961 (Fed. Cir. 2009) (discussing *Deshotel v. Nicholson*, 457 F.3d 1258 (Fed. Cir. 2006)); *see Steele*, 135 F.4th at 1360–61. An implicit denial of a claim is properly found if VA "provided suffi-

cient information for a reasonable claimant to know that he would not be awarded benefits for his asserted disability." *Adams*, 568 F.3d at 963; *see Jones v. Shinseki*, 619 F.3d 1368, 1373 (Fed. Cir. 2010). Ms. Carey's second contention, to the extent that it is an assertion of legal error, is fundamentally inconsistent with our established precedent recognizing implicit denials. And we lack jurisdiction to address the application of the implicit-denial standard to the facts of this case, turning on how a reasonable person would understand VA's July 1971 denial of benefits.

### III

We have considered Ms. Carey's other arguments and find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's determination.

The parties shall bear their own costs.

**AFFIRMED**